**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUSAN LESLIE MAXWELL,
        *Plaintiff-Appellant*,

v.

ANDREW M. SAUL, Commissioner of
Social Security,
        *Defendant-Appellee.*

No. 18-35992

D.C. No.
6:17-cv-01083-
JR

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted November 7, 2019
Portland, Oregon

Filed August 24, 2020

Before: Ronald Lee Gilman,[*] Richard A. Paez, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Paez

---

[*] The Honorable Ronald Lee Gilman, United States Circuit Judge
for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# SUMMARY[**]

### Social Security

The panel affirmed in part, and reversed in part, the district court's decision affirming the denial of claimant's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

An administrative law judge ("ALJ") found claimant not disabled because she could perform two occupations that existed in significant numbers in the economy.

Claimant argued that the identification of two occupations was insufficient to satisfy the "significant range of work" requirement of the Medical-Vocational Guidelines of 20 C.F.R. pt. 404, subpt. P, app 2, Rules 202.00(c), 202.07.

The panel rejected the Commissioner of Social Security's contention that claimant forfeited any challenge to the ALJ's finding that she was not disabled by failing to raise before the ALJ or Appeals Council the issue of significant range of work.

The panel held that two occupations did not constitute a "significant range of work," and were insufficient to satisfy Rule 202.00(c)'s requirement. The panel held further that because claimant's skills were readily transferrable to only

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

two occupations, the ALJ erred in concluding that she was not disabled. The panel reversed in part and remanded with instructions for calculation and payment of benefits for the period after claimant reached 55 years of age.

The panel affirmed the district court's disability determination as to the period before claimant reached the age of 55.

## COUNSEL

Alyson R. Young (argued) and Merrill Schneider, Schneider Kerr & Robichaux, Portland, Oregon, for Plaintiff-Appellant.

Lars J. Nelson (argued), Assistant Regional Counsel; Mathew W. Pile, Acting Regional Chief Counsel, Seattle Region X; Renata Gowie, Assistant United States Attorney; Office of the General Counsel, Social Security Administration, Seattle, Washington; for Defendant-Appellee.

## OPINION

PAEZ, Circuit Judge:

Susan Maxwell appeals the denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. An Administrative Law Judge ("ALJ") found Maxwell not disabled because she could perform two occupations that existed in significant numbers in the economy. On appeal, Maxwell argues that the identification of two occupations is

insufficient to satisfy the "significant range of work" requirement of the Medical–Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rules 202.00(c), 202.07.[1] We agree and hold that two occupations do not constitute a "significant range of work." Because Maxwell's skills were readily transferrable to only two occupations, the ALJ erred in concluding that she was not disabled. Accordingly, we reverse in part and remand with instructions for calculation and payment of benefits for the period after Maxwell reached 55 years of age.

## I.

Maxwell was born on December 27, 1957. Throughout her life, she worked as a car salesperson, business owner, liquor-store cashier, and tradeshow salesperson. After suffering a head injury, she filed for disability benefits, alleging disability beginning on December 6, 2011, when she was just shy of 54 years old. The Social Security Administration denied her claim.

Maxwell sought review by an ALJ, during which time she turned 55 years old. The ALJ found that Maxwell suffered severe impairments, possessed the residual functional capacity to perform only "a reduced range of light work," and was unable to perform any past relevant work. At the ALJ hearing, a vocational expert ("VE") testified that Maxwell had acquired from her prior work the transferable skill of "merchandising sales." The VE determined that Maxwell could perform only two occupations with this

---

[1] Maxwell also challenges the ALJ's transferable-skill determination. Because we reverse and remand for payment of benefits on the ground that two occupations do not constitute a "significant range of work," we do not reach this alternate argument.

transferable skill, "sales representative, commercial equipment and supplies" and "sales person, burial needs." The ALJ accepted the VE's testimony and issued a decision concluding that Maxwell was not disabled.

Maxwell sought review by the Appeals Council, which was denied, and then sought judicial review in the district court. A magistrate judge issued findings and a recommendation to affirm the ALJ decision, which the district court adopted.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo the decision of the district court affirming the decision of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g).

## III.

An ALJ must employ a five-step sequential process to determine whether a claimant is disabled within the meaning of the Social Security Act.[2] 20 C.F.R. § 404.1520(a)(4).

---

[2] The five-step process requires the ALJ to determine: (1) whether the claimant is "presently working in a substantially gainful activity"; (2) whether the claimant's impairment is "severe"; (3) whether "the impairment 'meet[s] or equal[s]' one of a list of specific impairments described in the [Social Security] [R]egulations"; (4) whether the claimant is "able to do any work that he or she has done in the past"; and (5) whether the claimant is able to do any other work. *Tackett*, 180 F.3d at 1098–99; *see also* C.F.R. § 404.1520. "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098. At steps one

Only the ALJ's step-five determination is at issue on appeal. Maxwell contends that the ALJ failed to identify a "significant range of work" within her functional capacity. The Commissioner counters that Maxwell forfeited her argument by failing to raise it below. We first address forfeiture and then the merits of Maxwell's appeal.

## A.

The Commissioner contends that "Maxwell forfeited any challenge to the ALJ's finding that she was not disabled" by failing to raise before the ALJ and the Appeals Council "the issue of whether commercial equipment and burial needs salespersons constitute a significant range of work[.]" We disagree.

Maxwell could not have challenged the ALJ's disability determination before the ALJ; to require such a feat would be, as Maxwell argues, "to task claimants with objecting to the ALJ's decision before it is written." As to the Appeals Council, Maxwell contested the ALJ's disability determination generally and the step-five conclusion specifically. Moreover, Maxwell's challenge to the meaning of "significant range of work" does not require us "to weigh conflicting evidence," the kind of task best suited to the agency and ALJ. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017), *as amended* (Feb. 28, 2018). Rather, Maxwell raises a "pure question of law, and the Commissioner had the opportunity to respond to the argument on appeal." *Silveira v. Apfel*, 204 F.3d 1257, 1260

---

through four, the claimant retains the burden of proof; at step five, the burden shifts to the Commissioner. *Id.*

n.8 (9th Cir. 2000) (per curiam).  Accordingly, we turn to the merits of Maxwell's claim.

**B.**

At step five of the sequential process, the agency may meet its burden either "(1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Tackett*, 180 F.3d at 1099.  The Medical–Vocational Guidelines, or "the grids," are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Id.* at 1101.  Based on a claimant's functional capacity, age, education, and work experience, the grids direct a determination that the claimant is either "disabled" or "not disabled."  *Id.*  "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Lounsbury v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006), *as amended* (Nov. 7, 2006). "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary." *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989).

Because Maxwell is limited to light work, has reached "advanced age" (55 years and older), can no longer perform her past relevant work, and has a transferable skill, grid Rule 202.07 governs her case, as the ALJ correctly determined. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.07. Footnote 2 to Rule 202.07 directs, however, that Rule 202.00(c) also governs whether a claimant like Maxwell is disabled. *See Lounsbury*, 468 F.3d at 1116.

Rule 202.00(c) provides:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past

work and . . . who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c) (emphasis added). In other words, if such a claimant's skills are not readily transferable to a "significant range of . . . work," the ALJ must find her disabled. Rule 202.00(c) recognizes "that the most difficult problem that a claimant such as [Maxwell] faces is that of adapting to a new job." *Cooper*, 880 F.2d at 1157.

Here, the VE testified that Maxwell's skills were transferable to only two occupations. The critical issue, then, is whether two occupations can constitute a "significant range of work" under Rule 202.00(c).

In *Lounsburry*, we analyzed "the meaning of the phrase 'significant range of work.'" 468 F.3d at 1117. In that case, the VE identified only one occupation that the claimant could pursue. *Id.* Thus, we were tasked with deciding whether one occupation could constitute a "significant range of work." We concluded that it could not. We reasoned, in part, that because Social Security Ruling 83-10 "defines the phrase, 'Range of Work,' as: 'All or substantially all *occupations* existing at an exertional level,'" a sole occupation could not possibly constitute a "range." *Id.* Accordingly, we held that "the phrase 'significant range of . . . work' in Rule 202.00(c) . . . require[s] a *significant number* of occupations." *Id.* (emphasis added). We did not

decide the exact number of occupations required to constitute a "significant range."

Following *Lounsburry*'s approach, we now hold that two occupations do not constitute a "significant range of work." A "range" necessarily requires more than one occupation. *Id.*; *see also* Merriam Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/range (defining "range" as a "series . . . between limits"). Since a "range" requires more than one occupation, a "significant range" must require more than two; to interpret "significant range" to mean only "range" would nullify the concept of "significant." *Lounsburry*, 468 F.3d at 1117; *see also* Merriam Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/significant (defining "significant" as "a noticeably or measurably large amount"). We decline to adopt a bright-line rule for the number of occupations required to constitute a "significant range." We hold only that two occupations are insufficient and that "a significant number of occupations" are required. *Lounsburry*, 468 F.3d at 1117.

The Commissioner counters that because "the occupations at issue here represent numerous jobs," the ALJ's identification of two occupations satisfies the significant range of work requirement. We considered and rejected that argument in *Lounsburry*:

> The Commissioner takes the position that the term "work" refers to individual *jobs*, and the phrase "significant range" only requires Lounsburry to adjust to other work existing in significant numbers in the national economy in one or more occupations. However, the term "work" under Rule 202.00(c) means distinct *occupations*, and

> "significant numbers" is no substitute for and cannot satisfy the plain language of Rule 202.00(c) requiring a "significant *range* of . . . work."

*Id.* (emphasis in original). We see no reason to diverge from that reasoning here.[3]

In sum, our reasoning in *Lounsburry* dictates the result here: The identification of two occupations cannot satisfy the "significant range of work" requirement of Rule 202.00(c). Accordingly, the ALJ's conclusion that Maxwell was not disabled under Rule 202.07 is erroneous as a matter of law. We reverse.

## C.

We remand with instructions for the payment of benefits for the period after Maxwell reached 55 years of age.[4] "[T]he record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The

---

[3] Nor do we find persuasive the Commissioner's argument that, because the vocational testimony in *Lounsburry* differed in certain respects from the testimony here, its reasoning should not apply to this case. *See Cooper*, 880 F.2d at 1157 ("[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary. That is so whether the impairment is exertional or results from a combination of exertional and nonexertional limitations.").

[4] Maxwell was not disabled in the period before she reached age 55, as her counsel conceded at argument. *See* Oral Arg. at 8:20–8:53; *see also* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.15 (directing that a claimant "closely approaching advanced age" is not disabled). Accordingly, Maxwell is not entitled to benefits for the period prior to age 55.

VE concluded that there were precisely two occupations Maxwell could pursue. Thus, there is no need for further factfinding as to whether Maxwell could pursue more than two occupations and, accordingly, there is no "serious doubt that [Maxwell] is, in fact, disabled." *Id.* at 1021. As in *Lounsbury*, "the ALJ committed legal error because Rule 202.00(c) of the Medical–Vocational Guidelines, as applied to the ALJ's uncontested findings of fact, directs as a matter of law a determination that [Maxwell] is disabled." 468 F.3d at 1112.

## IV.

We hold that the identification of two occupations is insufficient to satisfy the "significant range of work" requirement of Rule 202.00(c). We affirm the district court's disability determination as to the time period before Maxwell reached the age of 55 and reverse as to the period after Maxwell turned 55 years old, with instructions that the case be remanded for the award of benefits for this period.

Plaintiff-Appellant shall recover her costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**