NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN SEGOBIA II,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.    20-55943

D.C. No. 3:19-cv-01661-NLS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Nita L. Stormes, Magistrate Judge, Presiding

Argued and Submitted September 2, 2021
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Claimant-Appellant Julian Segobia II appeals the denial of his applications

for supplemental security income and disability insurance benefits.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

"We review the district court's order affirming the [administrative law judge's

("ALJ")] denial of social security benefits de novo, and reverse only if the ALJ's

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id*. at 1111.

1.        Segobia suffers from schizophrenia. He argues that the ALJ erred by failing to give clear and convincing reasons for rejecting the medical opinion of his treating psychiatrist, Dr. Palica. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Thus, "[t]o reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ satisfied that requirement by explaining the inconsistencies between the marked limitations on Segobia's ability to work in Dr. Palica's medical opinion and the "generally unremarkable" findings in several physicians' mental status exams ("MSEs"), including Dr. Palica's. "A conflict between a treating physician's medical opinion and [her] own notes is a clear and convincing reason for not relying on the doctor's opinion . . . ." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quotation marks and citation omitted). Of course, "it is error for an ALJ to pick out

a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). But here, any instances of Segobia's symptoms worsening were isolated setbacks in his overall "trajectory of improvement" spanning more than five years.

2. Segobia argues that the ALJ erred by failing to inquire into inconsistencies between the vocational expert's ("VE") testimony and the *Dictionary of Occupational Titles* ("DOT")—specifically, by failing to inquire into the discrepancy between the VE's statement that DOT number 559.687-014 corresponds to the job of a "packer" and the DOT itself, which in fact lists "ampoule sealer" at DOT number 559.687-014.

"When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *see Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007). The ALJ failed to do so here, instead asking the VE at the start of his testimony, "[i]f your testimony is inconsistent with the DOT, will you tell me whether or not I ask?" *Cf. Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). The VE agreed.

But here, the error was harmless because Segobia's attorney stipulated to this

process of identifying conflicts between the VE's testimony and the DOT. Even without that stipulation, the ALJ's failure to inquire into the conflict would have been harmless, as the VE testified that "general office machine operator" is a second occupation appropriate for an individual with Segobia's RFC and that there are 266,000 jobs for that occupation existing in the national economy—a sufficient number.[1] *See Buck v. Berryhill*, 869 F.3d 1040, 1051 & n.2 (9th Cir. 2017); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) ("25,000 jobs meets the statutory standard.").

3. Segobia challenges the ALJ's RFC determination for failing to "incorporate the ALJ's own findings regarding Mr. Segobia's mental impairments," including Segobia's "poor memory," "limited insight that affects his concentration and ability to focus on tasks," and "frequent social difficulties with friends and family members in stressful situations." But the ALJ *did* incorporate those findings into Segobia's RFC. The RFC addresses Segobia's poor memory by limiting Segobia to "understand[ing], remembering, and carrying out simple, routine, and repetitive tasks." It addresses Segobia's inability to concentrate and focus on tasks

---

[1] Segobia cites our holding in *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), that "two occupations do not constitute a 'significant range of work.'" *Id.* at 1131. But *Maxwell* was interpreting a rule that applies only to "individuals of advanced age," defined as individuals who are fifty-five or older. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c). Thus, *Maxwell* does not apply to Segobia, who was thirty-one when the ALJ denied his applications for social security benefits.

by limiting Segobia to jobs with "standard industry breaks every two hours." And it addresses Segobia's social difficulties in stressful situations by limiting Segobia to "[non]interaction with the general public, and only occasionally work-related, non-personal, non-social interaction with coworkers and supervisors involving no more than a brief exchange of information or hand off of product."

4. Segobia argues that the ALJ failed to consider his ability to sustain work. *See Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). But the ALJ expressly considered Segobia's allegation that "the severity of his psychological impairment has affected his ability to engage in work duties for a sustained period" and then discounted it, given that Segobia's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Substantial evidence supports that determination, including Segobia's unremarkable MSEs and his self-reports that he has successfully managed his symptoms with medication.

**AFFIRMED.**