NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOM RAY MASTERSON, | No. 19-35729 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01116-AA |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted January 20, 2022[**]

Before: D.W. NELSON, BRESS, and BUMATAY, Circuit Judges.

Tom Ray Masterson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (citation omitted), and we affirm.

The administrative law judge ("ALJ") found that Masterson had the residual functional capacity to perform work at all exertional levels and had solely nonexertional limitations. Accordingly, at Step Five of the sequential analysis, the ALJ properly consulted a vocational expert, rather than relying on the Medical-Vocational Guidelines, or "grids." *See* 20 C.F.R. pt. 404, Subpt. P., app. 2, Rule 200.00(e)(1) (the grids "do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments"); Social Security Ruling 85-15, 1985 WL 56857, at *3; *cf. Maxwell v. Saul*, 971 F.3d 1128, 1130 (9th Cir. 2020) (reasoning that when the claimant has both exertional and nonexertional limitations, the ALJ must consult the grids first). The vocational expert's testimony regarding light jobs that Masterson could perform did not require the ALJ to find that Masterson was capable only of sedentary or light work, and therefore to consult the grids. *Cf. Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989) (reasoning that the ALJ erred in failing to apply grids because the vocational expert and other witnesses testified that the claimant was capable of performing only sedentary or light work, which dictated a finding of disabled under the grids). Unlike the vocational expert in *Cooper*, the vocational expert here testified that, given Masterson's nonexertional limitations, she found jobs that

2

he could perform, but none of those jobs required medium (or heavy) exertion. This testimony did not trigger any duty to consult the grids or require the ALJ to apply the grid rule applicable to light work. *See* 20 C.F.R. pt. 404, Subpt. P., app. 2, Rule 200.00(e)(1).

**AFFIRMED.**