**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS RAY PERKINS, | No. 21-35730 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00246-JR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted June 7, 2022
Portland, Oregon

Before: EBEL,** W. FLETCHER, and CLIFTON, Circuit Judges.

Claimant Curtis Ray Perkins challenges the district court's order affirming

the Commissioner of Social Security's denial of his application for disability

benefits. We reverse and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Perkins first applied for Disability Insurance and Supplemental Security Income benefits in 2009, claiming that he qualified as "disabled" under 42 U.S.C. § 423(d)(1)(A) as of December 4, 2008. In 2011, an administrative law judge ("ALJ") denied Perkins benefits following a hearing. Applying the five-step sequential evaluation mandated by 20 C.F.R. § 416.920, the ALJ determined that (1) Perkins had not engaged in "substantial gainful activity" since December 4, 2008; (2) Perkins had "severe" medical impairments; (3) Perkins' residual functional capacity ("RFC") permitted him to do some, but not a full range of, sedentary activity; (4) based on his RFC, Perkins could no longer perform his past relevant work in jobs such as a palletizer/forklift operator and road construction laborer; and (5) despite his impairments, Perkins remained able to perform jobs that existed in significant numbers in the national economy, and so was not entitled to benefits. This Step 5 conclusion was based on a vocational expert's ("VE") testimony that Perkins could perform "representative occupations" including table worker (351,000 jobs in the national economy), small products inspector (81,000 jobs in the national economy), and "polisher" (147,000 jobs in the national economy).[1] Perkins did not appeal the 2011 benefits denial.

In 2017, Perkins re-applied for benefits, asserting "disabled" status

---

[1] At Step 5 of the analysis, the burden of proof shifts from the claimant to the Commissioner. See Maxwell v. Saul, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020).

beginning on August 18, 2011 (the day after the 2011 denial became final). In 2019, a different ALJ held a hearing on this second benefits application. The 2019 ALJ found that Perkins had presented evidence of additional impairments that qualified as "changed circumstances," altering the 2011 ALJ's analysis of Steps 1 and 2. But the 2019 ALJ further held that these changed circumstances had no effect on the 2011 analysis of Steps 3, 4, and 5, and so the 2019 ALJ adopted the 2011 ALJ's findings as to those three steps—most importantly, the conclusion that Perkins could still perform certain jobs that existed in significant numbers in the national economy, based on the VE's testimony. Perkins presented no new evidence on the job-numbers issue to the 2019 ALJ. Consequently, the 2019 ALJ denied his new benefits application.

Perkins then asked the Social Security Administration Appeals Council to exercise its discretion to review the 2019 denial of benefits. Before ruling on this request, the Appeals Council told Perkins he could submit new and material additional evidence. In response, Perkins submitted—for the first time—evidence from a program called "Job Browser Pro" showing that in 2018, only 4,827 jobs existed in the national economy in the three occupations noted by the 2011 VE (2,896 table worker jobs, 111 dowel inspector jobs, and 1,820 polisher jobs), as compared to the 579,000 total jobs to which the VE testified in 2011. The Appeals Council incorporated Perkins' new job-numbers evidence into the administrative

3

record, but ultimately found that "this evidence does not show a reasonable probability that it would change the outcome of the [2019 ALJ's] decision" to deny Perkins benefits. The Appeals Council therefore denied Perkins' request for review, making the 2019 ALJ's denial of benefits the Commissioner's final decision in the case. Perkins appealed under 42 U.S.C. § 405(g) to the United States District Court for the District of Oregon, which affirmed the Commissioner's denial.

Exercising appellate jurisdiction under 28 U.S.C. § 1291, we review the district court's decision de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). We "therefore must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence," defined as evidence that "a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Perkins presents two distinct arguments for reversing the 2019 denial as erroneous: (1) the Commissioner failed to address adequately Perkins' rebuttal job-numbers evidence submitted to the Appeals Council, and (2) the 2019 ALJ was not permitted to adopt any of the 2011 ALJ's findings because the 2011 ALJ was unconstitutionally appointed.[2]

---

[2] Perkins also argues that he was not represented by counsel at the 2011 hearing, making the 2011 ALJ's findings even less applicable to the 2019 case. But Perkins failed to raise his 2011 lack of counsel as an issue during his 2019 hearing before a

4

We agree with Perkins' first argument: the Appeals Council's cursory statement that Perkins' newly submitted job-numbers evidence "does not show a reasonable probability that it would change the outcome of the [2019 ALJ's] decision" to deny Perkins benefits was insufficient under our precedent. In White v. Kijakazi, this court was faced with a nearly identical scenario: in requesting Appeals Council review of an ALJ's denial of benefits, claimant Tyrone White submitted new Job Browser Pro data showing "job estimates [that] differed substantially from those of the VE" who had testified at his benefits hearing. --- F.4th ---, No. 20-16846, 2022 WL 3149224, at *8 (9th Cir. Aug. 8, 2022). Specifically, the VE had testified that there were 169,000 jobs across three occupations that existed in the national economy and that White was capable of performing despite his impairments. Id. White's new job-numbers evidence, meanwhile, showed only 4,290 jobs in the national economy for those same occupations. Id. The Appeals Council made this new evidence part of the administrative record, but nonetheless denied review simply because White's new evidence and arguments "d[id] not provide a basis for changing the Administrative Law Judge's decision." Id. at *4.

We held that the agency was obligated to "resolve the inconsistency between

new ALJ—where he was represented by counsel—and so he has waived this argument. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).

the job-number estimates provided by White and by the VE." Id. at *8 (citing Buck v. Berryhill, 869 F.3d 1040 (9th Cir. 2017).) Id. at *8. We find the same result appropriate here. Perkins' new job-number evidence came from the same source as White's evidence—Job Browser Pro—so was equally "significant" and "probative." Id. at *7 (citing Kilpatrick v. Kijakazi, 35 F.4th 1187, 1193 (9th Cir. 2022)). Additionally, the discrepancy between Perkins' new job-numbers estimates (4,827 jobs in total) and the only estimates provided by a VE in this case (579,000 jobs in total) was even larger than the substantial discrepancy in White. See id. at *8. Because the Appeals Council chose to make this new evidence part of the administrative record, see 20 C.F.R. § 404.970(b), the agency was bound to address and resolve the conflict between Perkins' job-numbers estimates and the 2011 VE's estimates. It failed to do so, and so we reverse the district court's order affirming the denial and direct that the case be remanded to the agency for further proceedings consistent with this decision.[3] During those proceedings, the parties should be permitted to submit additional evidence regarding the number of jobs

---

[3] We do not reach Perkins' alternative argument that the 2019 ALJ could not rely on the unconstitutionally appointed 2011 ALJ's findings, because we grant the requested relief of remand as to Step 5 on other grounds. Appointments Clause questions are nonjurisdictional. See Consumer Fin. Prot. Bureau v. Gordon, 819 F.3d 1179, 1189 (9th Cir. 2016). Additionally, for the purposes of remand, we offer no opinion about whether Perkins' estimates are more or less reliable than the VE's earlier estimates; we hold only that the discrepancy between them needed to be directly addressed by the agency once it made Perkins' evidence part of the record.

available that Perkins could perform.

**REVERSED and REMANDED.**