NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA LEON WORRELL, | No. 22-35268 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00458-CWD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted February 8, 2023**
Portland, Oregon

Before:  MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Claimant Joshua Leon Worrell appeals from the district court's ruling affirming the Commissioner of Social Security's denial of his application for disability benefits. We review the district court's order de novo and reverse only if

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. ***Due Process.*** Worrell makes a conclusory argument that the ALJ denied him due process in evaluating his claim. This argument fails because there is no indication that the Commissioner failed to afford Worrell an opportunity to be heard, failed to consider the relevant evidence, or failed to explain the basis for the denial of Worrell's claim in a reasoned decision. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("A mere allegation of a due process violation is not a colorable constitutional claim.") (internal citation omitted).

2. ***Claimant's Subjective Evidence of Pain.*** Substantial evidence supports the ALJ's decision to discount Worrell's subjective evidence of pain because the ALJ gave clear and convincing reasoning. *See Trevizo v. Berryhill*, 871 F.3d 664, 678–79 (9th Cir. 2017). The record evidence establishes that Worrell's hip pain improved after surgery, physical therapy, and weight loss. *See* 20 C.F.R. 404.1529(c)(2); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 598–600 (9th Cir. 1999). Similarly, Worrell's mental health improved with medication. *See Morgan*, 169 F.3d at 599. Moreover, despite partially discrediting Worrell's self-reported symptoms, the ALJ incorporated multiple non-exertional physical and

mental limitations related to those symptoms into her residual-functional-capacity determination.

**3. *Evaluation of Medical Evidence.*** The Commissioner's revised regulations regarding evaluating medical evidence apply to Worrell's June 14, 2018, disability claim. *See* 20 C.F.R. § 404.1520c; *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). To the extent Worrell relies on the "displace[d]" standard for evaluating medical evidence, those arguments are foreclosed by *Woods*. 32 F.4th at 787. Worrell also argues that the ALJ substituted her opinion of his mental limitations for the findings of the consultative examiner.

We conclude the ALJ correctly applied the revised regulations when evaluating consultative examiner Nels Sather, Ph.D.'s findings. The ALJ explained why she found Dr. Sather's opinion persuasive but ultimately incomplete because Dr. Sather relied on Worrell's subjective complaints to draw his conclusions. The ALJ took other administrative findings addressing Worrell's mental limitations— the opinions of state agency medical reviewers—into account and linked those findings, along with Dr. Sather's opinion, to references in the record and to other objective sources in making her step-five residual-functional-capacity determination.

Additionally, contrary to Worrell's assertion, the ALJ did not erroneously dismiss orthopedist Stephen Kenji Aoki, M.D.'s medical opinions about Worrell's

hip pain. The relevant treatment notes reflect statements that Worrell made *to* Dr. Aoki about his hip pain, not Dr. Aoki's assessment of Worrell's pain or any functional limitations associated with it. Accordingly, Dr. Aoki's notes do not constitute medical opinions under the Commissioner's revised regulations. *See* 20 C.F.R. § 404.1513(a)(2).

**4.** ***Step-Five Finding.*** Substantial evidence supports the ALJ's step-five finding. First, as noted above, the ALJ considered the persuasiveness of Dr. Sather's opinion, but also properly noted its limitations and relied on the opinions of state agency medical reviewers to translate Worrell's mental-health symptoms into *functional* limitations. Moreover, the ALJ addressed Worrell's subjective complaints to Dr. Sather by limiting him to occasional public, co-worker, and supervisor interaction. She also addressed Dr. Sather's findings about Worrell's memory by limiting him to simple, routine tasks and low stress work.

Second, the functional restrictions in the residual-functional-capacity determination sufficiently capture Worrell's functional limitations related to his mental-health symptoms. The state agency medical reviewers' findings are the only medical evidence in the record that translates those symptoms into functional limitations. And Worrell does not challenge those opinions. Therefore, substantial evidence supports the ALJ's determination that Worrell is only moderately impaired and can perform "simple, unskilled jobs."

4

Finally, the ALJ did not err under *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), when she concluded that available jobs in two positions—office work and electronics worker—constituted "significant numbers in the national economy." *Maxwell* interpreted a rule applying only to persons of advanced age—fifty-five years or older—with limited transferrable skills. *See id.* at 1131. This rule is not applicable to Worrell, who was thirty years old at the time of his alleged disability onset date.

**AFFIRMED.**